*Formatted for Electronic Distribution*                                              *Not For Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

-----------------------------------------------------------x
*In re:*                                                    Case No. 07-10746-CAB
**Leon E. Darling and Brenda J. Darling,**                  Chapter 7
                    *Debtors.*
-----------------------------------------------------------x



Filed & Entered
On Docket
May 19, 2008

## Order Dismissing Case Pursuant to 11 U.S.C. § 707(b)(1)*

**UPON** the adjourned hearing on the United States Trustee's *Motion for Order Dismissing Chapter 7 Case Based upon a Presumption of Abuse Pursuant to 11 U.S.C. §§ 707(b)(1) and (2), And the Totality of the Circumstances Pursuant to 11 U.S.C. § 707(b)(3)*, ("Motion to Dismiss") [Doc # 7], heard before this Court on May 8, 2008; and further

**UPON** the appearances of Kevin Purcell, Esq., for Diana G. Adams, United States Trustee for Region 2, and Kathleen Walls, Esq., Glinka & Walls, Esqs., for the Debtors; and further

**UPON** the Court's finding of fact that the presumption of abuse arises in this case pursuant to 11 U.S.C. § 707(b)(2); and further

**UPON** the Court's conclusion of law that Congress did not intend 11 U.S.C. § 1325(b)(3) to be applicable in Chapter 7 and, therefore, *In re Austin,* 372 B.R. 668 (Bankr. D. Vt. 2007) and the projected disposable income analysis stated therein is not determinative of what the 11 U.S.C. § 707(b)(2) analysis would yield; and further

**UPON** the Court's conclusion of law that the Debtors' 26 U.S.C. § 401(k) loan repayment does not constitute a "special circumstance" pursuant to 11 U.S.C. § 707(b)(2)(B)(i) sufficient to rebut the presumption of abuse; and further

**UPON** the Court's conclusion of law that the debtors' 26 U.S.C. § 401(k) loan payments are not a justifiable expense under 11 U.S.C. § 707(b)(3); and further

**UPON** the Court's conclusion of law that the lack of clarity around how Congress intended to reconcile 11 U.S.C. § 1325(b) and 11 U.S.C. § 707(b)(2)(A) and (B) does not give this Court authority to grant the Debtors a Chapter 7 discharge; and further

**UPON** the Court's conclusion of law that it is not an "absurd" result to have the Debtors' case give rise to a presumption of abuse even though the Debtors might not be required to make a payment to general unsecured creditors through a Chapter 13 plan; and further

1

**UPON** the Court's conclusion of law that the Bankruptcy Code does require the 11 U.S.C. § 707(b)(2) means test analysis to be conducted without consideration of what the consequences would be in Chapter 13; and further

**UPON** the Court's finding of fact and conclusion of law that when analyzing 11 U.S.C. § 707(b)(3), *Kornfield v. Schwartz (In re Kornfield),* 164 F.3d 778 (2nd Cir. (N.Y.) 1999) is still good law in terms of assessing the totality of the circumstances, and that under *Kornfield* the Court has to take into account the fact that the Debtors have proposed to repay themselves at the expense of unsecured creditors; and further

**UPON** the Court's conclusion of law that the Debtors have failed to prove that any of the mitigating factors identified *In re Carlton and Kornfield,* 211 B.R. 468 (Bankr. W.D.N.Y. 1997) are present in this case, and therefore there is no basis upon which to rebut the presumption of abuse herein under the totality of circumstances test, pursuant to 11 U.S.C. § 707(b)(3); and further

**UPON** the Court's conclusion of law that the Debtors have not presented, and the Court has not found, a single case law that supports the Debtors' position in opposition to dismissal; and further

**UPON** the Court's conclusion of law that the cases *Eisen v. Thompson (In re Thompson),* 370 B.R. 762, 773 (N.D. Ohio 2007), *In re Mowris,* — B.R. —, 2008 WL 799848 (Bankr. W.D. Mo. 2008) and *McVay v. Otero (In re Otero),* 371 B.R. 190, 202-203 (W.D. Tex. 2007) reasonably and soundly construe the criteria for dismissal set forth in 11 U.S.C. § 707; and further

**UPON** the entire record before the Court, and the Court finding other good and sufficient cause for the relief stated herein;

**IT IS HEREBY ORDERED** that this case shall be dismissed pursuant to 11 U.S.C. § 707(b)(1) unless the Debtors' pending motion to convert the case to chapter 13 (filed on May 13, 2008 – doc. # 19) is granted within 30 days of entry of this Order.

_____
May 19, 2008                                              Colleen A. Brown
Rutland, Vermont                                       United States Bankruptcy Judge

---

\* At the Court's direction, Kevin Purcell, Esq. of the Office of the United States Trustee for Region 2 drafted this Order, and Mr. Purcell filed the proposed order with a representation that the Debtors' attorney consented to the form and content of the Order as filed.

2